**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARL V. LONG, 1001354,** | § | |
| **Petitioner,** | § | |
| | § | **No. 3:06-CV-1133-B** |
| **v.** | § | **ECF** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for manufacture of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than 200 grams by aggregate weight, enhanced by two prior felony convictions. *State of Texas v. Carl Vernon Long*, No. 27380 (13th Jud. Dist. Ct., Navarro County, Tex., Aug. 15, 2000). Petitioner was sentenced to forty-five years imprisonment. On April 28, 2004, the Tenth Court of Appeals affirmed the conviction. *Long v. State*, No. 10-00-00305-CR (Tex. App.– Waco, 2001, pet. ref'd). On October 6, 2004, the Court of Criminal Appeals denied the petition for discretionary review. *Long v. State*, PDR No. 1383-04 (Tex. Crim. App. 2004).

On October 21, 2005, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Long*, Application No. 34,986-06.  On June 14, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court after a hearing.  *Id.* at cover.

On June 22, 2006, Petitioner filed this federal petition.  Petitioner argues:

(1)     The prosecutor committed misconduct when he:

      (a)     failed to disclose the identity of the confidential informant;

      (b)     failed to disclose the two or more cases in which the informant was found to be credible and reliable; and

      (c)     fabricated a confession by documentary fraud in the trial court, and on direct appeal;

(2)     The trial court erred when:

      (a)     it failed to hold an *in camera* hearing with the informant as required by Texas Rule of Evidence 508(c)(2); and

      (b)     he was denied adequate time to hire counsel of his choice;

(3)     There were no jury instructions regarding:

      (a)     the voluntariness of the letter he wrote while in the county jail;

      (b)     the legality of the search warrant; and

      (c)     the entrapment defense;

(4)     His conviction was obtained by the use of evidence gained from an unconstitutional search and seizure because the warrant was based on false statements and the warrant was fraudulent as a whole;

(5)     He received ineffective assistance of counsel when his trial counsel:

      (a)     would not subpoena Robert Rios;

    (b)      intentionally withheld Elaine Stout as a witness;

    (c)      committed fraud, concealed the truth, and obstructed justice;

    (d)      did not pursue an entrapment or duress defense;

    (e)      did not ask for a continuance and did not adequately prepare for trial;

    (f)      failed to ask for jury instructions regarding the legality of the search warrant, the entrapment defense, the voluntariness of the letter he wrote while in jail, and a missing witness;

    (g)      would not let Petitioner testify;

    (h)      would not subpoena the judge that signed the search warrant;

    (I)      did not present any mitigating evidence during punishment; and

    (j)      had a conflict in representing him;

(6)    The arresting officer committed perjury and concealed the truth;

(7)    There was no physical evidence to support the conviction;

(8)    His sentence was illegal;

(9)    He was denied the effective assistance of appellate counsel when his counsel failed to properly argue:

    (a)      six ineffective assistance of counsel claims;

    (b)      the issue of insufficient evidence; and

    (c)      the request for a directed verdict issue;

(10)    The appellate opinion is illegal and fraudulent; and

(11)    He was denied his right to due process which rendered his trial fundamentally unfair.

## II.  Discussion

### 1.  Factual Background

The following factual background is taken from the appellate court opinion:

> Detective Elmer Tanner of the Navarro County Sheriff's Department executed a search warrant of Long's residence.  The search warrant was issued upon Tanner's affidavit which included information Tanner received from a confidential informant (CI) and from his own personal observations at Long's residence.  During the search of the house, methamphetamine and equipment and ingredients commonly used in the production of methamphetamine were found.  Tanner field tested the drugs found at Long's residence and received a positive test result for methamphetamine.  Long was ultimately charged with manufacturing a controlled substance.  Long wrote a letter, which was admitted at trial, in which he confessed to manufacturing about twenty grams of methamphetamine and making some gas and cigarette money from its sale.

*Long v. State*, No. 10-00-00305-CR, slip op. at 1-2.

### 2.  Standard of Review

The pertinent terms AEDPA state:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**3.      Prosecutorial Misconduct**

Petitioner argues the prosecutor committed misconduct when he: (1) failed to disclose the identity of the confidential informant; (2) failed to disclose the two or more cases in which the informant was found to be credible and reliable; and (3) fabricated a confession. To merit habeas corpus relief, prosecutorial misconduct must have infected the trial with unfairness so as to make the resulting conviction a denial of due process. *Greer v. Miller*, 483 U.S. 756, 765 (1987). In other words, the conduct must have rendered the trial fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 179-81 (1986). A trial will be deemed fundamentally unfair only in the most egregious situations and only if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000); *Ortega v. McCotter*, 808 F.2d 406, 410-11 (5th Cir. 1987).

(a) Identity of the Informant

The Fifth Circuit Court of Appeals has established a three-part test to determine whether disclosure of a confidential informant's identity is required. *See United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir.1987) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). Under this test, the court must analyze: (1) the level of the informant's involvement in the alleged

criminal activity; (2) the helpfulness of disclosure to any asserted defense; and (3) the government's interest in nondisclosure. *Id*. at 1331 (citations omitted).

Under the first prong, the Fifth Circuit has held that the more active the informant's participation, the more likely disclosure will be required. *Id*. (citing *United States v. Ayala*, 643 F.2d 244, 246 (5th Cir. 1981)). If the informant's participation is minimal, this factor weighs toward nondisclosure. *Id*. Further, if the informant is merely a tipster, no disclosure is required. *Id*. (citing *United States v. Freund*, 525 F.2d 873, 876-77 (5th Cir. 1976)).

In this case, Detective Tanner testified that the informant stated he had been at Petitioner's residence within the last 48 hours and that Petitioner was manufacturing methamphetamine. (Motion to Suppress, Trial Tr. Vol. 2 at 19, 28, 31). Based in part on this information, Tanner obtained a search warrant for Petitioner's residence. Tanner also testified that, to his knowledge, the confidential informant was not at Petitioner's house when the search warrant was executed. (*Id*. at 49). No evidence was submitted at trial that the informant was actively involved in the illegal activity. This prong therefore weighs towards nondisclosure. *See*, *United States v. Edwards*, 133 Fed. Appx. 960 (5th Cir. 2005) (finding minimal participation where the confidential informant's statements were used to obtain a search warrant, but the informant did not actively participate in the search, and the defendant was not charged with selling drugs to the informant).

Petitioner argues, however, that he believes Robert Rios was the confidential informant. He also states that Rios manufactured the methamphetamine and that he felt under duress to help Rios. No evidence was submitted regarding whether Rios was the confidential informant. Even assuming that this prong weighed toward disclosure, however, the remaining factors establish

that Petitioner was not entitled to disclosure.

Under the second prong, the petitioner must show that "the testimony would significantly aid the defendant in establishing an asserted defense.  'Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.'" *De Los Santos*, 810 F.2d at 1331 (citations omitted).

In this case, Petitioner argues he was entitled to the defense of entrapment.  The Fifth Circuit has held that "the mere allegation of entrapment is not sufficient in and of itself to force disclosure" of an informant's identity.  *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979) (citations omitted).[1]  Further, "[u]nless some evidence of entrapment is adduced by the defendant, thereby properly raising the defense, disclosure [of the confidential informant] would be unjustifiable.  *Gonzales*, 606 F.2d at 75.  Where a defendant does not testify, he cannot meet his burden of producing evidence of entrapment.  The Fifth Circuit has stated,

> While a defendant's silence is not inherently inconsistent with a defense of entrapment, such silence cannot provide the grounds for disclosure [of an informer's identity].  If disclosure was required whenever a defendant elected not to testify and to allege entrapment, then the Government's interest in confidentiality could not be adequately safeguarded.

*Id*. at 75-76.  In this case, Petitioner did not testify and he did not present any other evidence. This factor therefore weighs against disclosure.

Finally, the Court must analyze the government's interest in nondisclosure of the informant's identity.  In this case, the prosecutor stated during the motion to suppress hearing

---

[1]Under Texas law, entrapment is an affirmative defense where a defendant has the burden of producing evidence that: (1) he engaged in the conduct charged; (2) because he was induced to do so by a law enforcement agent; (3) who used persuasion or other means; and (4) those means were likely to cause persons to commit the offense.  *See* TEX. PENAL CODE 8.06(a); *Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -7-

and at trial that the confidential informant would consider himself in danger if his identity was

disclosed.  (Motion to Suppress, Trial Tr. Vol. 2 at 8, 17; Trial Tr. Vol. 5 at 29).  This factor

therefore weighs against disclosure.

In sum, Petitioner has not shown that the balance of interests entitles him to disclosure of

the confidential informant's identity.  Petitioner therefore has not shown that the prosecutor

committed misconduct.

(b) Reliability

Petitioner argues the prosecutor committed misconduct because he failed to disclose the

two or more cases in which the informant had been reliable in the past.  In this case, the

prosecutor objected to defense counsel's questions regarding these former cases.  (*Id*. at 36).

The trial court sustained the objection and Detective Tanner was not required to provide this

information.  *Id*.  Petitioner has not shown the prosecutor committed misconduct.

(c) Fabricated Confession

While in jail, Petitioner wrote a letter to Detective Jones.  In the letter, Petitioner

admitted to manufacturing methamphetamine, but stated that he made only enough for personal

use, gas and cigarette money.  (State's Ex. 16, 16A).  The prosecutor moved to admit the letter,

but redacted portions of the letter where Petitioner referred to his prior convictions.  (Trial Tr.

Vol. 5 at 41-42).  Petitioner argues the redacted portions make the letter appear as if it is a

confession.  He states the letter should have been admitted in its entirety.

The record reflects that defense counsel advised Petitioner not to request that letter be

admitted in its entirety.  (*Id*. at 46-51).  Petitioner, however, stated his request to have the entire

letter admitted.  *Id*.  The entire letter and the redacted letter were therefore admitted into

evidence at trial.  (*Id*. at 51; State's Ex. 16, 16A).  Petitioner's claim that the prosecutor

committed misconduct should be denied.

**4.        Trial Court Error**

Petitioner argues the trial court erred when it: (1) failed to conduct an *in camera* hearing

with the confidential informant as required by Texas Rule of Evidence 508(c)(2); and (2) failed

to provide Petitioner with adequate time to hire the counsel of his choice.

(a) *in camera* hearing

Petitioner argues he was entitled to an *in camera* hearing regarding the identity of the

confidential informer under Texas Rule of Evidence 508(c)(2).[2]  Federal habeas corpus relief,

however, is available only for the vindication of rights existing under federal law.  *See Manning*

*v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).  When a Petitioner alleges a violation of state

procedure, the proper inquiry is whether there has been a violation of the Petitioner's due

process rights that would render the trial as a whole fundamentally unfair.  *Id*.  It is not the

function of the federal habeas court to review the interpretation of state law by a state court.  *See*

*Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

In this case, the appellate court found:

> The CI only supplied information which established probable cause necessary for
> the issuance of a search warrant for methamphetamine.  He or she did not supply the
> information upon which the State relied for a conviction on manufacturing

---

[2]Texas Rule of Evidence 508(c)(2) states:
Testimony on merits.  If it appears from the evidence in the case or from other showing
by a party that an informer may be able to give testimony necessary to a fair determination of . . .
guilt or innocence in a criminal case, and the public entity invokes the privilege, the court shall
give the public entity an opportunity to show in camera facts relevant to determining whether the
informant can, in fact, supply that testimony.

methamphetamine; [Detective] Tanner supplied that particular information. . . .

> Thus, the testimony elicited at the hearing does not satisfy Long's initial burden to show that the CI may be able to give testimony necessary to a fair determination of his guilt or innocence on manufacturing methamphetamine and does not trigger the procedural requirements of Rule 508(c)(2).

*Long v. State*, No. 10-00-00305-CR, slip op. at 10.

In this case, Petitioner has failed to show a violation of state procedure. He has therefore failed to establish a violation of his due process rights.

(b) Adequate Time

Petitioner argues he was not allowed adequate time to hire the counsel of his choice. On the day of trial, Petitioner moved to dismiss counsel Phillips and retain other counsel. The court stated that Petitioner could retain his own counsel, but that the trial would start that afternoon and there would be no continuance of the trial date.

There is no absolute and unqualified right to counsel of choice of choice, even where counsel is retained. *Bass v. Estelle*, 696 F.2d 1154, 1159 (5th Cir. 1983) (citing United *States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979)). The freedom to have counsel of one's own choosing may not be used for purposes of delay. *Id.* (citing *United States v. Uptain*, 531 F.2d 1281, 1290 (5th Cir. 1976)). Further, last minute requests to change counsel are disfavored. *Id.* (citing *United States v. Sexton*, 473 F.2d 512 (5th Cir. 1973)).

On state habeas review, the trial court addressed this claim. The court stated that after Petitioner was indicted in July, 1999:

> 2.   Donald Phillips was promptly appointed to represent Mr. Long and began an investigation of the circumstances of the case.

> 3.   Tony Wright was retained as counsel early in the history of this case and filed numerous pre-trial motions including a motion to suppress and a motion to

dismiss based on entrapment, on September 1, 1999.

\* \* \* \*

5.      On January 19, 2000, the Court held a hearing on Mr. Wright's motion to
        withdraw.  At this time, the applicant informed the Court that he wished Mr.
        Wright to remain as counsel in this case.  The Court allowed Mr. Wright to
        remain as counsel.

6.      Subsequent to this hearing, it appeared to the Court that Applicant's uncertain
        relationship with Mr. Wright might well result in a delay of trial, and the Court
        formally appointed Donald Phillips as co-counsel in early April, 2000.  The Court
        advised counsel and the applicant that if Mr. Wright were allowed to withdraw,
        Mr. Phillips would proceed as lead counsel at trial.

7.      On April 27, 2000, the case was set for a plea of guilty.  Both Wright and Phillips
        were present as counsel.  After lengthy discussions between defense counsel and
        the defendant, the Court began plea proceedings, which broke down before
        completion.  Mr. Long was allowed to withdraw his plea and the case was set for
        trial.

8.      The Court's letter of April 5, 2000, reflects that the case was specially set for May
        1, 2000, but was continued twice upon request of defense counsel and ultimately
        scheduled for trial on August 15, 2000.

9.      In mid-July 2000, the defendant wrote to the Court and advised that he was
        unhappy with Mr. Wright's representation and that he would rather be represented
        by Donald Phillips.  Mr. Phillips remained co-counsel at this time and was
        specifically advised by the Court that he would be primary counsel if Mr. Wright
        withdrew or was fired at any time.

(*Ex parte Long*, Findings at 1-3).  The Court found that counsel had "ample time" to prepare for

trial.  (*Id*. at 6).  Petitioner has failed to show that the denial of a continuance so that he could

obtain other counsel was a violation of his constitutional rights.

 **5.      Jury Instructions**

        Petitioner argues his constitutional rights were violated when the court failed to submit

jury instructions regarding: (1) the voluntariness of a letter he wrote while in the county jail; (2)

the legality of the search warrant; and (3) the entrapment defense.

(a) Letter

While in the county jail, Petitioner wrote a letter to Detective Jones.  In the letter Petitioner stated that he only manufactured methamphetamine for personal use and for gasoline and cigarette money.  (State's Ex. 16).  Defense counsel objected to the admissibility of the letter, and the court overruled the objection.  (Trial Tr. Vol. 5 at 49-51).  Petitioner has not shown that he was entitled to a jury instruction on the admissibility of the letter.  His claim should be denied.

(b) Search Warrant

Petitioner argues the jury charge should have included an instruction regarding the legality of the search.  The court held a pre-trial hearing on Petitioner's challenge to the search warrant.  (Motion to Suppress, Trial Tr. Vol. 2).  The court determined that the search was not illegal and denied the motion to suppress.  (*Id*. at 85).  Petitioner has not shown that he was entitled to a jury instruction on the legality of the search.

(c) Entrapment

Petitioner argues the jury charge should have included an instruction on the defense of entrapment.  On October 20, 1999, the trial court held a hearing on pre-trial motions.  The court heard evidence on Petitioner's motion to dismiss based on the defense of entrapment and denied the motion.  (Motion to Suppress, Trial Tr. Vol. 2 at 85).  On state habeas review, the trial court stated that it denied the motion to dismiss based on entrapment because the motion was without merit.  (*Ex parte Long* Supp. at 2).  Further, the trial court found that no evidence was offered at trial to support a defense of duress or entrapment.  (*Id*. at 4).  The record shows that Petitioner did not testify and did not present any witnesses or evidence at trial.  No evidence existed in the

record that would entitle Petitioner to a jury instruction on entrapment.  His claim should be denied.

**6.      Unlawful Search and Seizure**

Petitioner argues his conviction was obtained by: (1) the use of evidence gained from an unconstitutional search and seizure; and (2) false statements in the search warrant and a fraudulent search warrant.  A federal court many not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue.  *Stone v. Powell*, 428 U.S. 465, 493-95 (1976).

In this case, Petitioner raised his Fourth Amendment claims in a motion to suppress.  The trial court held a lengthy evidentiary hearing on Petitioner's motion.  (Motion to Suppress, Trial Tr. Vol. 2).  The Court finds that Petitioner had an opportunity for full and fair litigation of these issues.  This claim should therefore be denied.

**7.      Ineffective Assistance of Counsel**

Petitioner raises numerous claims alleging his counsel was ineffective.  To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(a) Failure to subpoena Robert Rios

Petitioner argues his counsel was ineffective because he "would not subpoena the person that ran from the crime scene (Robert Rios) or investigate the existence of accomplices or co-defendant." (Attachment at 15). Petitioner argues Rios should have been named as an accomplice or co-defendant.

The record shows that at the October 20, 1999, motion to suppress hearing defense counsel Wright requested that the state provide their best address for Robert Rios because the defense was unable to locate Rios. (Motion to Suppress, Trial Tr. Vol. 2 at 9). The state agreed to provide the address. *Id.* Defense counsel Phillips testified on state habeas review that he requested that the state subpoena Robert Rios, but Rios could not be located. (*Ex parte Long* at 53-54). The state trial court also found that Rios could not be located. (*Id.* Findings at 3). Petitioner has not shown that his counsel was deficient. His claim should be denied.

(b) Witness Elaine Stout

Petitioner argues his counsel intentionally withheld Elaine Stout as a witness. Ms. Stout was living with Robert Rios at the time of the offense. The record shows, however, that defense counsel made a strategic decision not to call Ms. Stout. On state habeas review, defense counsel

Phillips testified he did not call Ms. Stout to testify because, "basically in interviewing the witnesses the gist of what they had to say was that Mr. Long was in the business of cooking dope." (*Ex parte Long* at 54). Likewise, defense counsel Wright testified that he spoke with Elaine Stout and she stated that Mr. Long was cooking methamphetamine for her. (*Id.* at 23). Mr. Wright testified that he spoke with counsel Phillips about this witness and that a strategic decision was made to not call this witness. (*Id.* at 24). Petitioner has not shown that he received ineffective assistance of counsel. This claim should be denied.

<u>(c) Counsel Misconduct</u>

Petitioner argues that his trial counsel "withheld the woman [Elaine Stout] that co-defendant or accomplice [Robert Rios] was living with and concealed the truth." (Attachment at 15; Memo at 5). Petitioner also alleges his counsel moved to Florida which constituted "a criminal act and obstruction of justice." Further, he argues in his traverse that Elaine Stout would have testified that Robert Rios: (1) broke into Petitioner's residence; (2) threatened Petitioner; and (3) solicited the crime. (Traverse at 11).

On state habeas review, Petitioner submitted an affidavit from Ms. Stout that stated:

> I Elaine Stout was in court the day of Carl Long's trial. Don Phillips was Carl's attorney, Don Phillips asked me what I knew about Carl's case. I then told him what I knew and what I believed happened the night of the crime. One thing I told him, was the night of the crime "Robert Rios left with Carl came back a couple hours later and left again. Then I heard on the scanner Carl had been arrested and there was an unknown subject to run just a few minutes after I heard this Robert came walking up to my house. Robert was living with me at the time." Then Don Phillips told me he was tired of this nonsense and said he was not putting any one else on the witness stand.

(*Ex parte Long* at 28).

Elaine Stout's affidavit does not state that Robert Rios broke into Petitioner's house, threatened Petitioner, or solicited the crime. Petitioner has not shown that his counsel concealed

the truth by failing to call Elaine Stout as a witness.

Finally, Petitioner has not shown that his counsel obstructed justice by moving to Florida. Petitioner's claim should be denied.

(d) Duress/Entrapment Defense

Petitioner argues his counsel was ineffective because he failed to pursue the defense of duress or entrapment. Although Petitioner concedes that his counsel filed a pre-trial motion to dismissed based on entrapment, Petitioner argues the entrapment defense should have been submitted to the jury. As discussed above, Petitioner has not shown that he had any evidence to support his entrapment defense. Petitioner's claim is conclusory and should be denied.

(e) Continuance

Petitioner argues his counsel was ineffective because he did not seek a continuance of the trial date and he did not adequately prepare for trial. As discussed above, the trial court informed Petitioner that he would not continue the trial in order for Petitioner to retain new counsel. (*Ex parte Long*, Findings at 1-3). The trial court also found that defense counsel had ample time to prepare for trial. (*Id*. at 6). Further, Petitioner does not state what counsel would have done differently if he had requested a continuance. Petitioner has failed to establish that his counsel was constitutionally ineffective.

(f) Jury Instructions

Petitioner argues his counsel was ineffective for failing to request jury instructions regarding the legality of the search warrant, the entrapment defense, the voluntariness of the letter he wrote to Detective Jones, and Robert Rios as a missing witness.

As discussed above, the trial court denied Petitioner's pre-trial motion to suppress based

on an insufficient search warrant and motion to dismiss based on entrapment.  No evidence was submitted at trial regarding these issues.  Petitioner was therefore not entitled to a jury instruction on these claims.  Additionally, the trial court determined that Petitioner's letter to Detective Jones was not the result of a custodial interrogation and therefore Petitioner had no claim regarding the voluntariness of the letter.  (Trial Tr. Vol. 5 at 49-50).  Finally, Petitioner argues he was entitled to an instruction that Robert Rios was a missing witness.  Petitioner does not explain this claim, or identify the existence of such an instruction.  Petitioner's claim is conclusory and should be denied.

### (g) Allowing Petitioner to Testify

Petitioner argues his counsel was ineffective because he failed to allow Petitioner to testify at trial.  The record shows that at the conclusion of the trial, defense counsel requested time to confer with Petitioner to determine if he wished to testify.  (Trial Tr. Vol. 5 at 57).  Once the court reconvened outside the presence of the jury, the court stated:

COURT:      Now, Mr. Phillips, it's my understanding that you and your client intend
            to rest and not put on any evidence.

COUNSEL:    That's correct, your Honor.

(*Id*. at 58).  Petitioner did not object to this statement.  The court and counsel then agreed to add a clause to the jury charge stating that the jury was not to consider the fact that Petitioner did not testify.  *Id*.  Petitioner again made no objection.  Petitioner has made no showing that his counsel prevented him from testifying.  Petitioner's claim is conclusory and should be denied.

### (h) Subpoena

Petitioner argues his counsel was ineffective for failing to subpoena that judge who signed the search warrant.  Petitioner, however, has not shown that the judge was available to

testify and that he or she would have testified favorably for the defense.  "[H]ypothetical or theoretical testimony will not justify the issuance of a writ . . . ."  *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (citation omitted).  Petitioner's claim should be denied.

(i) Mitigating Evidence

Petitioner argues his counsel was ineffective for failing to present mitigating evidence during the punishment phase.  Petitioner states he "had a job and family and children to take care of."  (Pet. at 16).  Petitioner, however, has not identified any witnesses who were willing and able to testify on his behalf during punishment.  Petitioner's claims are conclusory and should be denied.

(j) Conflict with Attorney

Petitioner argues he was denied conflict-free representation because he had previously fired defense counsel Phillips, and Phillips was mad at him.  On state habeas review, the trial court found that:

> 16.   Mr. Phillips was not fired by the defendant, but was allowed to withdraw from the case when Mr. Wright was hired.  Phillips was re-appointed when it became apparent to the Court that the attorney-client relationship between the defendant and Wright was probably unworkable and would result in an indefinite delay of disposition if additional counsel was not appointed.

(*Ex parte Long*, Findings at 4).  Further, counsel Phillips testified on state habeas review that there were no ill feelings between him and Petitioner.  (*Ex parte Long* at 52-53).  Petitioner has submitted no evidence that his counsel had a conflict in representing him.  His claim should be denied.

(k) Appellate Counsel Failed to Make Arguments

Petitioner argues his appellate counsel was ineffective because he failed to properly argue

the following claims on direct review: (1) trial counsel failed to call any witnesses; (2) trial counsel failed to request a continuance; (3) trial counsel did not object to extraneous offenses; (4) trial counsel did not request a jury instruction on entrapment or the missing witness; (5) trial counsel did not object to any indictment deficiencies; and (6) trial counsel did not call Elaine Stout as a witness.

As discussed above, the Court has found that trial counsel was not ineffective for failing to call any witnesses, to request a continuance or to request jury instructions. Appellate counsel was therefore not ineffective for failing to raise these claims. Petitioner does not identify any extraneous offenses that he alleges were improperly admitted. Finally, although he alleges the enhancement paragraphs in the indictment were deficient, Petitioner pled true to the enhancement paragraphs. Petitioner therefore waived any deficiencies in the enhancement paragraphs. *See Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). Petitioner's claims should be denied.

### (l) Insufficiency of the Evidence

Petitioner argues his appellate counsel failed to properly argue claims of insufficiency of the evidence and the claim that the trial court erred when it denied Petitioner's motion for a directed verdict. On appellate review, the court found that appellate counsel raised only factual sufficiency of the evidence, and did not raise legal sufficiency of the evidence. The court therefore did not address the legal sufficiency of the evidence. Petitioner argues his counsel was ineffective for failing to raise legal sufficiency, however, Petitioner has failed to show that the evidence was legally insufficient to support the conviction.

Detective Tanner testified to finding equipment, ingredients and methamphetamine in

Petitioner's residence.  (Trial Tr. Vol. 5 at 11-25).  The state introduced photographs of the

items, including the methamphetamine found at Petitioner's residence.  (*Id.*; State's Exhibits 2-

15).  Further, the state's crime lab chemist testified that she tested the items she received from

Detective Tanner.  (*Id.* at 36).  The chemist testified that the drugs were methamphetamine

weighing .84 grams, 1.12 grams, .01 grams, 107.91 grams and 3.93 grams.  (*Id.* at 37).  Petitioner

has not shown that the results of the proceedings would have been different if appellate counsel

had properly raised legal sufficiency of the evidence.

**8.**      **Officer Perjury**

Petitioner argues that Officer Tanner committed perjury when he testified that Elaine

Stout told him that Robert Rios was with her the night of the crime.  (Pet. at 18).   The record

shows that Detective Tanner testified that he spoke to Robert Rios and Georgia Stout on the

night of the incident.[3]  (Tr. Vol. 5 at 30-31).  Tanner stated that both Rios and Georgia Stout told

him that Rios was not at Petitioner's house on the night of the incident.  (*Id.* at 30).  Petitioner

states that Elaine Stout's affidavit contradicted this statement.  As discussed above, Elaine

Stout's affidavit states:

> I Elaine Stout was in court the day of Carl Long's trial.  Don Phillips was Carl's
> attorney, Don Phillips asked me what I knew about Carl's case.  I then told him what I
> knew and what I believed happened the night of the crime.  One thing I told him, was the
> night of the crime "Robert Rios left with Carl came back a couple hours later and left
> again.  Then I heard on the scanner Carl had been arrested and there was an unknown
> subject to run just a few minutes after I heard this Robert came walking up to my house.
> Robert was living with me at the time."  Then Don Phillips told me he was tired of this
> nonsense and said he was not putting any one else on the witness stand.

---

[3]Petitioner refers to Elaine Stout, while Detective Tanner testified that he spoke with
Georgia Stout.

(*Ex parte Long* at 28).  Petitioner has not shown that these two statements are inconsistent, or that Detective Tanner committed perjury.  Petitioner's claim should be denied.

**9.      Insufficiency of the Evidence**

Petitioner argues the trial court committed error when it denied his motion for directed verdict based upon insufficient evidence.  Petitioner argues that there "is no physical proof methamphetamine even existed.  And the weight if any sure wasn't proven, only photos and hearsay statements.  No physical proof."  (Attachment at 17).  As discussed above, however, Detective Tanner testified to finding equipment, ingredients and methamphetamine in Petitioner's residence.  (Trial Tr. Vol. 5 at 11-25).  The state's crime lab chemist testified that the drugs were methamphetamine and she testified regarding the weight of the drugs.  (*Id*. at 37).  Petitioner's claim of insufficient evidence should be denied.

**10.     Illegal Sentence**

Petitioner argues his sentence was illegal because: (a) the enhancement paragraphs were not presented to the jury; and (b) there is proof that a co-defendant was allowed to run from the crime scene.  (Attachment at 18; Memo at 8).

Petitioner pled true to the two enhancement paragraphs.  (Trial Tr. Vol. 6 at 2-5).  A plea of true to the enhancement paragraphs waives any subsequent challenge to the validity of the prior conviction.  *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995) (citing *Scott v. Maggio*, 695 F.2d 916, 922 (5th Cir. 1983)).  Petitioner's claims should be denied.

Additionally, although Petitioner claims that a co-defendant ran from the crime scene, no evidence was admitted at trial on this claim.  Further, even if a co-defendant ran from the crime scene, such a claim does not render Petitioner's conviction or sentence illegal.  Petitioner's claim

should be denied.

## 11.  Illegal Appellate Decision

Petitioner argues the appellate court's decision was illegal and fraudulent because: (1) the decision did not address all of Petitioner's claims in violation of Texas Rule of Appellate Procedure 44.3;[4] and (2) the court erred in deciding Petitioner's claims regarding the confidential informant.

A review of the appellate court's decision shows that the court did not address Petitioner's claim that the evidence was legally insufficient because Petitioner did not include any citation to authority for this claim as required by Texas Rule of Appellate Procedure 38.1(h).[5]

Federal habeas corpus relief is available only for the vindication of rights existing under federal law.  *See Manning,* 786 F.2d at 711.  Further, the Court has determined that the evidence was legally sufficient to support the conviction.  Finally, as discussed above, the Court has found not constitutional error in the appellate court's decision to deny relief of Petitioner's confidential informant claims.  Petitioner's claim should be denied.

## 12.  New Evidence

On federal habeas review, Petitioner has submitted new evidence in the form of an affidavit from a person named Joe Brooks.  The affidavit states: (1)  Robert Rios told Brooks that

---

[4]Texas Rule of Appellate Procedure 44.3 states: "Defects in Procedure.  A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."

[5]Texas Rule of Appellate Procedure 38.1(h) states: "Argument.  The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -22-

he was the person who ran from Petitioner's residence the night of Petitioner's arrest; (2) Rios was paid $300 to "set up" Petitioner; and (3) Rios is now living in Abilene, Texas, and Brooks can supply the contact information.

Accepting the affidavit as true, Petitioner has not shown that his conviction or sentence was unlawful. There was ample evidence admitted at trial showing that Petitioner manufactured methamphetamine. Petitioner also admitted in his letter to Detective Jones that he manufactured methamphetamine. Further, as discussed above, even if Rios was the confidential informant, Petitioner was not entitled to disclosure of this information. Whether Rios ran from Petitioner's house on the night of the arrest does not establish that Petitioner's conviction or sentence was unconstitutional. Finally, Detective Tanner testified that the confidential informant was paid $300. (Motion to Suppress, Trial Tr. Vol. 2 at 19). Petitioner's claim should be denied.

## 13.     Due Process

Finally, Petitioner argues that the previous claims establish a violation of his due process rights. The Court has found that Petitioner's claims should be denied. His due process claim should therefore also be denied.

## 14.     Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 17th day of May, 2007.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).